IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO CHAVEZ-PEREZ, | § | |
| ID #43215-177, | § | |
|     Movant, | § | |
| | § | |
| v. | § | 3:13-CV-4974-K |
| | § | (3:11-CR-0146-K-5) |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court for consideration are movant Jose Alfredo Chavez-Perez's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. For the reasons set out below, the § 2255 motion is denied as barred by the statute of limitations.

I.  BACKGROUND

On June 21, 2011, in a superceding indictment, the Government charged movant and twenty co-defendants with one count of conspiracy to possess with intent to distribute and distribution of 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. (doc. 90). (Unless otherwise noted, cites to documents refer to documents filed in the underlying criminal case).  On March 8, 2012, movant was charged in a superceding information with conspiracy to possess with intent to distribute and distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (doc. 315).  On March 13, 2012, movant pled guilty as charged in the superceding

information pursuant to a plea agreement. (docs. 317, 326, 328, 336). On August 29, 2012, this Court sentenced movant to 70 months imprisonment with no supervised release, below the sentencing guideline range of 108 to 135 months. (docs. 501, 502). Over one year later, movant filed *pro se* notices of appeal on September 16, 2013, and October 29, 2013 (docs. 672, 675). Treating these notices of appeal as requests for leave to file an out-of-time appeal, this Court denied the requests. (doc. 678).

On December 2, 2013, movant sent correspondence to the Court asking that this Court reconsider its decision denying his motions to file an out-of-time appeal because his attorney failed to file a direct appeal on his behalf. (doc. 680). The Court construed this correspondence as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and directed that a new civil case be opened. (*See* doc. 683). Movant was also directed to either file an amended § 2255 motion on the appropriate form raising all of the claims he wished to raise or indicate that he wished to proceed on only the one claim. *Id*. On January 13, 2014, movant mailed an amended § 2255 motion, asserting that his guilty plea was involuntary, that he was subject to an unconstitutional search, that he should receive a reduction in his sentence because of his minimal participation, and that he should be eligible for the "fast-track" program. (Amend. Pet. at 6-10). On January 17, 2014, this Court issued an order directing movant to file a response explaining why his § 2255 was not untimely filed or what the statute of limitations should be tolled on equitable grounds. (*See* Order on Limitations, doc. 6). On February 4, 2014, the Court received movant's response in which he states that he did not think

that his trial attorney represented him effectively at trial and that his brother retained a different attorney to appeal movant's conviction and sentence, but he failed to file an appeal and failed to respond to inquiries. (Resp. on Limitations, doc. 7).

## II. STATUTE OF LIMITATIONS

"28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). Specifically, it states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant mailed his initial correspondence, construed as a § 2255 motion, on December 2, 2013. His conviction became final on September 12, 2012, when the time for filing a direct appeal expired. *United States v. Plascencia*, 537 F.3d 385,

388 (5th Cir. 2008). Therefore, under § 2255(f)(1), his initial § 2255 motion mailed on December 2, 2013, more than one year later, would not be timely. Movant does not allege a government created impediment under § 2255(f)(2) which prevented him from filing his motion, he does not allege that his motion is timely under § 2255(f)(3) because it is based on a newly recognized right, and he does not allege that any of the facts supporting his claims were unavailable to him until after his conviction was final.

However, "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, movant bears

the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant asserts that his brother hired an attorney to file a direct appeal, but the attorney failed to do so and failed to respond to inquiries. Movant then attempted to file an appeal himself, but his notices of appeal were mailed a year after his conviction. Movant has not met his burden of demonstrating that equitable tolling is warranted. Equitable tolling is not warranted because of attorney negligence. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 240 (5th Cir. 2010). Furthermore, to the extent that movant is asserting that he was unaware of the one-year statute of limitations, the Fifth Circuit has also repeatedly stated that ignorance of the law, even for an incarcerated person, does not excuse prompt filing such that equitable tolling is warranted. *Felder v. Johnson*, 204 F.3d 168, 171, (5th Cir. 2000), *citing Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Movant has failed to establish that he diligently pursued his rights, as required by Supreme Court case law. *See Holland*, 130 S.Ct. at 2562. He has also failed to establish that some extraordinary circumstance prevented him from filing his motion in a timely manner. Movant has therefore not met his burden to establish circumstances warranting equitable tolling, and his motion to vacate is barred by the statute of limitations.

## III. CONCLUSION

Movant's motion to vacate, set aside, or correct sentence is barred by the statute of limitations and is **DENIED** with prejudice.

SO ORDERED.

Signed April 14th, 2014.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE